IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAPHNE OCTAVIA SPURLOCK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1564 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging her state conviction and sentence for injury to a child. Respondent filed a motion for summary judgment (Docket Entry No. 11), and served petitioner a copy at her address of record on July 21, 2017. Despite expiration of a reasonable period of time in excess of sixty days, petitioner has failed to oppose the motion.

Having reviewed the motion, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Background and Claims*

Petitioner was convicted of injury to a child in Montgomery County, Texas, and sentenced to forty years' incarceration on January 9, 2014. The conviction was affirmed on appeal, *Spurlock v. State*, No. 09-14-00067-CR, at *1 (Tex. App. – Beaumont 2014, no pet.), and petitioner did not pursue discretionary review. Her application for state

habeas relief, filed with the state trial court on November 4, 2015, was denied by the Texas Court of Criminal Appeals on August 24, 2016.

Petitioner filed the pending federal habeas petition on May 8, 2017. As her sole claim for relief, petitioner argues that appellate counsel was ineffective in failing to challenge the jury's refusal to accept her insanity defense. Respondent argues that petitioner's claim is time-barred, which petitioner does not dispute.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a

2

legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

**Statute of Limitations**

Respondent argues that petitioner's section 2254 petition is untimely and barred by the one-year federal statute of limitations. Petitioner did not file a response to the motion for summary judgment and has not contested respondent's argument.

4

Limitations for purposes of section 2254 habeas petitions is governed by 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

In the instant case, limitations commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(1)(A). Petitioner's judgment of conviction became final on October 24, 2014, thirty days after the conviction was affirmed on direct appeal, and no petition for discretionary review was filed. *See* TEX. R. APP. PROC. 68.2 (providing

5

thirty days to file petition for discretionary review); *Roberts v. Cockrell*, 319 F.3d 690, 694–695 (5th Cir. 2003) (holding that limitations commenced when the thirty-day period for filing petition for discretionary review ended). Absent statutory or equitable tolling, petitioner's federal habeas petition was due no later than Monday, October 26, 2015.

Because petitioner filed her application for state habeas relief with the trial court on November 4, 2015, *after* expiration of the federal limitation, her state application did not toll limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[S]tate habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired."). As already noted, petitioner has not contested respondent's summary judgment argument that her petition is barred by limitations. Moreover, in responding to paragraph 26 of the standardized section 2254 petition, "Timeliness of Petition," petitioner answered "n/a," effectively stating that her petition was not untimely.

Petitioner presents neither argument nor factual allegations warranting either statutory or equitable tolling, and her federal habeas petition must be dismissed as untimely.

*Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 11) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE as barred by limitations. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on September 26, 2017.

Gray H. Miller
United States District Judge